**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

GREGORY BANKS,

              Plaintiff-Appellant,

v.

KARINA CASTILLO; et al.,

              Defendants-Appellees.

No. 15-16517

D.C. No. 2:13-cv-00324-RCJ-PAL

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, District Judge, Presiding

Submitted February 14, 2017[**]

Before:     GOODWIN, FARRIS, and FERNANDEZ, Circuit Judges.

     Nevada state prisoner Gregory Banks appeals pro se from the district court's

judgment in his 42 U.S.C. § 1983 action alleging deliberate indifference to a

serious medical need arising out of his pretrial detention at Clark County Detention

Center.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo.

---

     [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

*Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004). We may affirm on any basis supported by the record. *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008). We affirm.

Summary judgment was proper on Banks's deliberate indifference claim because under any potentially applicable standard Banks failed to raise a genuine dispute of material fact as to whether defendants knew of or disregarded an excessive risk of serious harm to Banks's health. *See Toguchi*, 391 F.3d at 1057-58 (a prison official acts with deliberate indifference only if the official knows of and disregards an excessive risk to a prisoner's health; neither a prisoner's difference of opinion concerning the course of treatment nor mere negligence in treating a medical condition amounts to deliberate indifference); *Lolli v. Cty. of Orange*, 351 F.3d 410, 419 (9th Cir. 2003) (pretrial detainee's claim of deliberate indifference to a serious medical need is analyzed under the Fourteenth Amendment Due Process Clause rather than under the Eighth Amendment, but same standards apply); *cf. Castro v. County of Los Angeles*, 833 F.3d 1060, 1067-71 (9th Cir. 2016) (en banc) (setting forth elements of Fourteenth Amendment failure-to-protect claim by pretrial detainee).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**